IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:15-CR-103 |
| v. ) | |
| ) | |
| JESSE R. BENTON, ) | |
| JOHN M. TATE, and ) | |
| DIMITRIOS N. KESARI, ) | **FILED UNDER SEAL** |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JESSE R. BENTON'S MOTION TO DISMISS THE INDICTMENT**

Pursuant to Federal Rules of Criminal Procedure 12(b)(3) and 47, Defendant Jesse R. Benton, through undersigned counsel, respectfully moves this Court for an order dismissing the pending indictment because the government has engaged in prosecutorial misconduct and selective prosecution. Despite being fully aware of the fact that Mr. Benton was represented by counsel, the government proceeded to search Mr. Benton's Google mail ("Gmail") account without utilizing a taint team to search for and isolate e-mail correspondence protected from disclosure by the attorney-client privilege. As a result, the prosecutors assigned to this matter became privy to confidential e-mail correspondence between Mr. Benton and his counsel, and they now plan to use information garnered from these e-mails at trial. In addition, despite having credible and voluminous evidence of campaign fraud in a rival political camp, the government has decided to pursue only individuals associated with the 2012 Ron Paul Presidential Campaign. This form of selective prosecution violates Mr. Benton's rights and is not a proper administration of justice. Accordingly, Mr. Benton requests the Court dismiss the indictment against him. In support of this motion, Mr. Benton states as follows.

    **I.    BACKGROUND**

### A. Mr. Benton's Gmail Account is Searched Without the Utilization of a Taint Team.

On July 21, 2014, Mr. Benton and his counsel travelled to Des Moines, Iowa where Mr. Benton was to give a proffer to the government and then testify before the grand jury the next day. Mr. Benton met with Department of Justice Attorneys Richard Pilger and Bobby Higdon, along with FBI Agents Karen Lostracco and Manik Sahaghian. During Mr. Benton's proffer, the government inquired as to whether Mr. Benton would give the government access to and consent to search his Gmail account, bypassing the need for a search warrant. At that time, Mr. Benton inquired as to whether the government would use a "taint team"[1] to review the emails to avoid the review of privileged communications. Mr. Pilger indicated that the government would avoid privileged emails but did not comment on the use of a "taint team." Wanting to be cooperative with the government's investigation, and on the word of Mr. Pilger that Mr. Benton was barely a subject of its investigation, Mr. Benton initially signed a "Consent to Search E-Mail Account" form in favor of the government.

The very next day after returning from Iowa, July 23, 2014, Mr. Benton consulted with his counsel and revoked his consent to search his Gmail account due to concerns about indemnifying Google and the government's lack of assent to using a taint team to review his email account. The government confirmed Mr. Benton's revocation, but noted that it would not apply to any documents that the government had retrieved prior to his revocation of consent. In addition, the government refused to confirm its use of a taint team to avoid privileged communications and refused to provide an inventory of the documents which it received prior to Mr. Benton's revocation.

---

[1] "Taint Teams" are regularly used within the Department of Justice and are made up of agents and/or attorneys not involved in the investigation who then review potentially privileged material as described below.

Just recently, with the production of discovery in the criminal case against Mr. Benton, defense counsel has become aware that the government did in fact search his personal Gmail account and not only had access to, but also found privileged communications -- all without the utilization of a taint team. *See* Notes from FBI Agent Sahaghian, attached hereto as Exhibit A.[2] Indeed, Agent Sahaghian performed general searches in Mr. Benton's account even before segregating privileged documents.

### B. The Government has Evidence of Campaign Fraud Involving the Michelle Bachmann

It has been widely publicized that in January 2013, a private citizen named Peter Waldron filed a complaint with the Federal Elections Commission (FEC) alleging multiple violations federal campaign laws against the Bachmann Campaign for hiding payments to State Senator Kent Sorenson. *See e.g.,* http://www.thedailybeast.com/articles/2013/10/03/iowa-state-senator-quits-after-probe-into-michele-bachmann-payments.html. Shortly thereafter, an Iowa attorney was assigned by the Iowa Supreme Court to investigate the allegations related to Sorenson and then report back to the Iowa Senate Ethics Committee. *Id.* In addition to the information obtained through the Iowa investigation, the government's own investigation revealed that Bachmman's then Chief of Staff recruited Sorenson to support Bachmann. Aff. of S.A. Lostracco at ¶ 46, attached hereto as Exhibit B.[3] Further, that "Sorenson requested payment for his services that would not reveal a connection to Bachmann." *Id.* Therefore, an arrangement was made whereby Bachmann paid a consulting company already doing work for her campaign and that consulting company would then pay Sorenson approximately $7,500 per month for work on behalf of the campaign. *Id.* at ¶¶ 46-47. While the government has been aware of these facts,

---

[2] This Exhibit has been provided under seal pursuant to the Stipulated Discovery Order entered in case No. 4:15-CR-103, *United States v. Benton*.
[3] This Exhibit has been provided under seal pursuant to the Stipulated Discovery Order entered in case No. 4:15-CR-103, *United States v. Benton*.

3

which parallel the instant case, since at least 2013, no one from the Bachmann campaign has been prosecuted. Indeed, Sorenson himself has not even been prosecuted for his participation in a conspiracy to defraud the United States by causing the Bachmann Campaign to hide payments from it to him. *See* Sorenson Plea Agreement and Stipulated Statement of Facts, attached hereto as Exhibit C.

## II. ARGUMENT

### A. Mr. Benton is Prejudiced by the Government's Review and Use of Privileged Communications with Defense Counsel

With a complete lack of regard for the sanctity of Mr. Benton's confidential communications with his defense counsel, the government proceeded to search Mr. Benton's Gmail account on July 21, 2014, without the benefit of a taint team that would be responsible for reviewing, identifying and isolating privileged communications stored in the account. As an inevitable result, the prosecution reviewed privileged e-mails and is now privy to confidential communications between Mr. Benton and his defense counsel. The prosecution is now able to use this information in its case against Mr. Benton. There is no way to unring this bell – the information is now known to the prosecution and there is no way for them to forget it. The only procedural cure available is a complete dismissal of the indictment.

"Under current law, a two-part test determines whether prosecutorial misconduct has occurred: first, the prosecutor's conduct . . . must have been improper, and second, the . . . conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001) (citing *United States v. Beeks,* 224 F.3d 741, 745 (8th Cir.2000)). In this case, both prongs of the test are met.

Specifically, with regard to the first prong, the review of Mr. Benton's e-mails without a clear procedure in place to isolate e-mails protected by the attorney-client privilege was wholly improper. The government routinely uses taint teams during the discovery process. These teams are typically composed of government attorneys and federal agents who are not assigned to the case and who will not be participating in the trial. These independent attorneys and agents are tasked with reviewing case materials, such as the e-mails in this case, and then isolating the material that should not be disclosed to the trial team. More often than not, this material includes documents and communications protected by the attorney-client privilege. This information is isolated and is not disclosed to the trial team of attorneys and agents in order to protect the defendant's substantive rights, and to avoid any unfair advantage by the trial team if they were to learn of the substance of such communications. In this case, however, the government attorneys who comprise the trial team reviewed privileged communications between Mr. Benton and his counsel. This conduct is clearly improper.

With regard to the second prong of the test, the government's improper review of Mr. Benton's confidential and privileged communications with his defense counsel will most certainly prejudice Mr. Benton at trial. The government has now been made privy to defense strategy and the specific advice given to Mr. Benton with a complete disregard for protection of Mr. Benton's Sixth Amendment Rights, in addition to refusing to tell counsel that they had his privileged correspondence.[4] *See* Email Correspondence of July 23-24, 2014, attached hereto as Exhibit D. Moreover, during a hearing regarding the constitutionality of a search warrant the government obtained for Mr. Benton's Gmail account, the government promised Judge Adams

---

[4] It should be noted that in the correspondence with Mr. Benton's counsel, Mr. Pilger states that the government will "avoid any attorney client information as agreed." Ex. B. But Mr. Pilger made that statement *one full day* after the FBI had already rifled through Mr. Benton's Gmail account and had seen attorney-client privileged communications. Adding to the injury, Mr. Pilger refused to give any information on what documents had been viewed by the FBI or acknowledge that privileged documents had been seen.

an aggressive review of Mr. Benton's Gmail account; little did Mr. Benton realize that the government had done exactly that in their initial review in 2014. *See* June 4, 2015 Hrg. Tr. at 31:21-21 ("we want to look at every single email within a particular date range). Agent Sahagian's representations that she did not read the emails should be given little credit since she looked for counsel's emails specifically, clearly read the subject of the correspondence which is privileged, and gave no thought or consideration to bringing in an independent Taint Team to shield the prosecution team from this sensitive material as they are designed to do. Tellingly, Mr. Kravis referred to the "filter *attorney*" (referring to the Taint Team attorney) numerous times before this Court during the June 4, 2015 hearing. *See e.g.,* Hrg. Tr. at 28, 29, 30, 31. Clearly the government was aware of its obligation, but ignored it and instead, allowed one of the case Agents to rifle through Mr. Benton's Gmail account unfettered. There can be little doubt that the prosecution team was privy to the privileged communications of Mr. Benton and his counsel.

This is a complete invasion of the defense camp by the prosecution in violation of the attorney-client privilege and Mr. Benton's Sixth Amendment rights. As explained above, the proper course of action would have involved a taint team, but the government did not utilize the abundant resources at its disposal. Instead, they proceeded to pick through Mr. Benton's e-mails without any system to avoid reviewing privileged communications. *See* Exs. A, B. Mr. Benton is now clearly prejudiced by such action. There is no way to achieve a fair trial at this juncture. As such, the indictment should be dismissed.

### B. Mr. Benton is Being Impermissibly Prosecuted for His Political Affiliation

In addition to the clumsy, inappropriate, and prejudicial review of Mr. Benton's emails, the government has targeted Mr. Benton and his co-defendants for their political affiliation with the Ron Paul campaign. In addition to investigating Messrs. Benton, Tate and Kesari, the

government embarked on an extensive investigation of individuals connected to the Michelle Bachmann campaign starting well over two years ago. As a result of their investigation, the government acquired extensive evidence against members of the Bachmann campaign, yet the government has only pursued individuals associated with the Paul campaign. The allegations against the Bachmann campaign are parallel to those here and are all related to campaign fraud. The government, however, has selected to target only the Paul campaign.

In order to establish a prima facie case of selective prosecution,[5] Mr. Benton must demonstrate that (1) he has been "singled out for prosecution while similarly situated individuals have not been prosecuted for similar conduct," and (2) "the government's discriminatory selection is based on an impermissible ground such as race, religion, or the exercise of constitutional rights. *United States v. Aanerud*, 893 F.2d 956, 960 (8th Cir. 1990) (citing *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir.1978); *United States v. Hintzman,* 806 F.2d 840, 842 (8th Cir.1986); *United States v. Holmes,* 794 F.2d 345, 347 (8th Cir.1986)). "Freedom of association is protected by the First Amendment, and criminal prosecutions selectively instituted purposefully to quash the exercise of that freedom . . . constitute a denial of equal protection." *United States v. Crow Dog*, 399 F. Supp. 228, 234 (N.D. Iowa 1975) *aff'd*, 532 F.2d 1182 (8th Cir. 1976) and *aff'd sub nom. United States v. Holder*, 566 F.2d 617 (8th Cir. 1977) (internal citations omitted).

As provided above, the government has overwhelming evidence of campaign fraud against individuals involved in the Bachmann campaign. If the government pursued an indictment against these individuals, the allegations would be parallel to those here. In fact, the two cases are tied by many of the same witnesses. The government, however, has decided to

---

[5] Federal Rule of Criminal Procedure 12(b)(3)(A)(iv) provides that the defense of selective prosecution "must be raised by pretrial motion is the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(A)(iv).

target Mr. Benton as he has continued his political consulting career and was working for a high-profile campaign at the time of the indictment. Indeed, the government waited until just *two days* before the first Republican Presidential Debate to indict Mr. Benton – after investigating for years and not having received any new evidence or information in over a year. Based on the current political climate, the only conclusion to reach is that the government targeted Mr. Benton because of his political affiliations in violation of the free exercise of his Constitutional rights.

Mr. Benton has the right to associate with any political campaign of his choosing. The government is now targeting him for this choice. They are not prosecuting similarly situated individuals because they are not affiliated with the same political campaigns as Mr. Benton. This case is a clear demonstration of selective prosecution, and as such, it cannot move forward to trial. Accordingly, the Court should dismiss the indictment because the government has embarked on an impermissible witch hunt, targeting those affiliated with certain politicians and political campaigns while not pursuing individuals who have actually engaged in the conduct Mr. Benton is wrongfully accused of engaging in.

### III.   CONCLUSION

For the foregoing reasons, Mr. Benton respectfully moves this Court for an order dismissing the indictment, with prejudice. There is no other cure for the overwhelming prejudice resulting from the government's misconduct and selective prosecution.

Dated: September 4, 2015                                     Respectfully Submitted by,

*/s/Roscoe C. Howard, Jr.*
Roscoe C. Howard, Jr.
Meena T. Sinfelt
Barnes & Thornburg, LLP
1717 Pennsylvania Avenue, NW, Suite 500
Washington, D.C. 20006-4623
(202) 371-6378
*Attorneys for Jesse R. Benton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed this 10th day of September, 2015.  This Memorandum of Law was also served on all counsel of record via email by undersigned counsel on September 4, 2015.

*/s/Roscoe C. Howard, Jr.*
Roscoe C. Howard, Jr.